204
388C 1637

# Pittsburg Sheet Manufacturing Company, Appellant, *v.* Beale.

*Partnership—Corporation—Parties to suit—Fraud.*

A bill in equity cannot be maintained by one who has brought suit against a supposed corporation which in fact was a partnership and recovered judgment against it, to charge the members of the partnership individually with the amount of the judgment, upon the grounds that the partners were guilty of fraud in maintaining an organization in the similitude of a corporation with a president, secretary and board of directors and in defending the suit against the alleged corporation without revealing that it was in reality a partnership.

A suit was brought against the West Penn Sheet Steel Company and the statement of claim filed averred that it was a corporation. The affidavit of defense admitted the incorporation. The suit was defended and prosecuted to judgment. After the recovery of judgment it appeared that the West Penn Sheet Steel Company was not a corporation, but was a partnership, although it transacted business through a president, secretary and board of directors; that a charter had been procured under the name of West Penn Steel Sheet Company but had never been acted under or accepted. The plaintiff in the judgment filed a bill in equity to charge the partners individually with the judgment, on the ground that their action in maintaining an organization in similitude of a corporation and in defending the suit as a corporation was a fraud. A demurrer was filed to the bill. *Held*, that the demurrer should be sustained.

Argued Oct. 14, 1902. Appeal, No. 172, Nov. T., 1902, by plaintiff, from decree of C. P. Armstrong Co., Sept. T., 1902, No. 46, dismissing bill in equity in case of Pittsburg Sheet Manufacturing Company v. Joseph B. Beale et al. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity to compel payment of a judgment. Before Patton, P. J.

The bill recited that the defendants being partners, doing business under the firm name of West Penn Sheet Steel Company, entered into a contract with the plaintiff for the future deliveries of sheet steel to be manufactured by them at their mill and plant at Leechburg, Armstrong county, Pennsylvania, under date of February 22, 1899, upon which they made default.

That the defendants with intent to deceive and mislead those with whom they transacted business, including the plaintiff, carried on their business in the similtude of a corporation, having a president, a secretary and treasurer and a board of directors, and had on November 22, 1898, procured a charter from the commonwealth under the name of the West Penn Steel Sheet Company, but under which they never acted, and which they never accepted.

That being misled thereby, the plaintiff brought suit in the court below at No. 53, March term, 1900, and in its statement of claim, describes the defendants as a corporation of the state of Pennsylvania.

That the defendants caused appearance to be entered for them as a corporation, and admitting their corporate character, took issue upon the merits of the plaintiff's claim and demand.

That the suit went to trial June 7, 1900, and was tried upon its merits, with the result of a judgment of nonsuit, which upon appeal to the Supreme Court of Pennsylvania was reversed; that a retrial was had in March, 1901, was defended by counsel on the merits, resulting in a verdict for the plaintiff, and a judgment thereon. That defendants in the name of the corporation then appealed therefrom to the Supreme Court of Pennsylvania, which on January 7, 1902, affirmed the said judgment, reducing the verdict to $20,643, and entering judgments therefor with interest from the date of the verdict, which was March 16, 1901.

That plaintiff from the date of filing the statement of action in the court below believed that the defendants were a corporation and that the defendants well knowing to the contrary, and intending to deceive the court, and to deceive, hinder and delay and defraud the plaintiff, concealed from the court and the plaintiff their partnership relation, but asserted their corporate character.

That notwithstanding, the defendants sought, procured and had a full hearing and defense to the plaintiff's suit as fully as though they had been impleaded as partners, and that they were not so impleaded was because of their fraudulent deceit and concealment.

That the West Penn Sheet Steel Company, defendant, has no real or personal estate out of which said judgment could be satisfied.

That the defendants with intent to hinder, delay and defraud the plaintiff withheld title from the partnership of the partnership property in the mill and plant of the West Penn Sheet Steel Company at Leechburg, and with like intent, pending the trial of the plaintiff's suit did secretly sell and dispose of the same, and of all the manufactured and raw material of West Penn Sheet Steel Company, for not less than $100,000, executing and delivering individual deeds therefor, dated April, 1900, withheld from record until August 26, 1901, and appropriated the purchase money in large part to themselves without making any provision for the payment of plaintiff's claim.

The prayers were:

1. That the defendants were partners under the name and style aforesaid, and as such were and became liable to pay the judgment aforesaid, as well as the costs in this cause.

2. That in default, execution might issue against each for the satisfaction thereof.

3. That the defendants be severally enjoined from asserting any defenses to this cause, which were embraced or included within the issues tried and adjudicated at No. 53, March term, 1900, of the court below.

4. That the said partnership be declared dissolved; that an account be taken, and a decree entered upon such accounting of all sums of money received, obtained, held or retained by either of them jointly due and owing to said partnership, to be applied to the plaintiff's judgment, debt, interest and the costs of this cause.

5. For general relief.

The defendants demurred to the bill.


Upon the demurrer the court filed the following opinion:

The bill filed in this case is a novel one, and as far as we have been able to search, is without precedent in the courts of Pennsylvania. Passing by the technical objections raised to the bill by the demurrer, which do not affect its merits, and which we could allow to be amended if necessary to expedite justice, let us come to the gist of the case and inquire whether, even if all that is properly and legally stated, is true, the plaintiff is entitled to the relief prayed for.

The bill states that the defendants were partners doing busi-

ness in the manufacture of sheet steel plates, under the name of West Penn Sheet Steel Company. That on February 22, 1899, the said partnership entered into a contract with the plaintiff and that on April 4, 1899, the said partnership refused to perform the contract, and that it therefore brought its suit against the West Penn Sheet Steel Company and of its statement of cause of action declared the defendants therein to be a corporation of the state of Pennsylvania.

It would strike the most casual observer, that the plaintiff must have had some overwhelming reason for bringing the suit against the corporation when he made his contract with the partnership. Turning to the bill for the reason, we find therein the only one given to be " that in preparing to bring its suit, your orator was informed and led to believe that the said defendants were really doing business as a corporation of the state of Pennsylvania." Who so informed it? For aught the bill shows, it may have been an utter stranger without any knowledge whatever as to the character in which defendants carried on their business. It is not alleged in the bill, that the defendants or any of them, or any person representing them, misinformed the plaintiff or misled it in bringing suit against the corporation. The plaintiff had the means of discovering whether or not the defendants were incorporated or not. The Act of April 29, 1874, P. L. 75, sec. 3, provides that the " charter shall be recorded in the office for the recording of deeds in and for the county aforesaid, and from thenceforth the persons named therein . . . . shall be a corporation by the name therein given."

" Individual exemption does not begin until notice of the incorporation was given by recording the certificate as required by the statute: " Guckert v. Hacke, 159 Pa. 303; Pinkerton v. Penna. Traction Company, 193 Pa. 229.

" One of the purposes of the act being exemption from personal liability in the transaction of business, it is obviously material that the public should have notice, and notice by record was accordingly provided : " Guckert v. Hacke, supra.

How can the plaintiff, with any show of reason say that it was deceived by the defendants in believing they were a corporation, when an act of assembly points it to the place to make search? Can it rashly shut its eyes and refuse to look

at the records, where it could learn with certainty the whole truth, and visit its neglect upon the defendants by crying fraud? " Silence becomes a fraud and works an estoppel only when a party withholds information which the other party does not possess and does not have the means of obtaining. Where both parties know the facts or have equal means of knowledge of the facts, the silence of either of them is not a fraud upon the other party:" Rhawn v. Edge Hill Furnace Company, 201 Pa. 637.

It may be likened to a case where there is a conveyance made of real estate, subject to the lien of a judgment. If the judgment creditor stands by and allows the lien to expire without reviving it, as to the terre-tenant, who has placed his deed on record, he will not be allowed to say that the conveyance was a fraud upon him, for it was his own folly not to examine the record, when he undertook to revive the judgment and preserve the lien.

What other facts are stated in the bill? For in construing the bill we must not forget that the stating part of the bill must contain every averment necessary to entitle the plaintiff to the relief prayed for. The bill should support itself and should state every necessary fact distinctly and not by way of argument or inference, and it should be certain as to persons, dates and events.

" The bill must specify in its statement of the facts that constitute a fraud. A charge in general terms that the transaction was fraudulent is not sufficiently definite, the particulars must be set forth in detail. Fraud is a conclusion of law, the thing done or omitted constituting the fraud must be so stated upon the face of the bill, that the court may see that they are fraudulent, if proved or admitted:" Gazzam v. Reading, 202 Pa. 231.

We have already quoted the one fraudulent act charged against the defendants before the action at law was brought. Let us see what facts are alleged that they have since done or omitted constituting a fraud. It is charged in the bill: first, that they caused an appearance to be entered for them admitting their corporate existence and defending on the merits, knowing that they were not a corporation and that it was a partnership debt. This in effect is, that they did not plead

" nul tiel corporation " but pleaded " non assumpsit " and went to trial on the merits.   The penalty for this would be that as to the claim sued upon they are forever estopped from denying that they are a corporation.   But it would be strange indeed, that if the plaintiff alleged that defendants contracted the debt as a corporation and the defendants did not deny it in their pleadings, that thereby they committed a fraud upon the plaintiff which rendered every stockholder in the corporation individually liable as partners.

The next allegation of fact is that the defendants carried on their said business in the similitude of a corporation, having a president, secretary and board of directors, and procured a charter under the name of the West Penn Steel Company.   As we have heretofore said, the plaintiff could not have been deceived by this if it had examined the records.   There it would have found the correct name of the concern and whether it could hold them as a corporation or as a partnership.   It is no fraud or index of fraud for a partnership to have a president, secretary and board of directors.

Next it is said, " the defendants repudiated their charter without notice to your orator and without its knowledge." If by " repudiation " is meant dissolution, the plaintiff was not entitled to any notice, unless it is the publication required by the Act of Assembly of April 4, 1872, P. L. 40.   There is no allegation that such publication was made.   When the notice provided by an act of assembly is given, actual notice is not necessary: Ferguson v. Yard, 164 Pa. 586.   The court had power to dissolve the corporation under the Act of April 9, 1856, P. L. 293.   At the time of the dissolution the plaintiff only had an action pending.   It is not clear that it would even now have any standing to set aside the decree, certainly not without showing to the court the date it obtained knowledge of the decree : New Castle Wire Nail Company's Case, 18 Pa. Superior Ct. 257.

The allegation that the defendants did secretly sell and dispose of their manufactured and raw materials and executed a deed in fee simple for the property is no evidence of fraud. The general allegation in the bill of fraudulent deceit, concealment and intent to delay the plaintiff and deceive the court, are only stating inferences.   Where the gravamen of the com-

plaint is fraud, the facts must be fully set forth, not conclusions.

Taking the bill as a whole, we do not think it contains sufficient facts to warrant us in granting the relief prayed for.

We also think that the plaintiff has an adequate remedy at law.    Unless it has estopped itself, it can still sue the defendants as partners if the allegation of the plaintiff is true that it entered into the contract with the defendants as partners. There is no allegation that the defendants are insolvent or that a judgment could not be collected if obtained against them, and they are not exempt from personal liability until the certificate of incorporation is recorded.

The action at law having gone against the defendants as a corporation, they are bound by the judgment.    If they are concealing their assets, a bill of discovery would lie under the Act of April 14, 1828, P. L. 439, sec. 1.    If they have subscribed for stock of the corporation and have not fully paid for the same, their liability can be enforced in the mode prescribed by law.

We do not think the plaintiff is entitled to the extraordinary remedy prayed for in the bill.    If it sued a corporation when it made the contract with a partnership, it has no one to blame but itself.    A court of equity will never move merely to save a party from the consequences of his own laches.

And now, September 8, 1902, the demurrer is sustained, and the bill dismissed at the costs of the plaintiff.

*Error   assigned* was decree dismissing the bill.

*S. Schoyer*, *Jr.*, with him *J. P. Hunter* and *D. B. Heiner*, for appellant.

*M. F. Leason*, for appellee.

Per Curiam, November 3, 1902:

The judgment is affirmed on the opinion of the learned judge of the common pleas.