## Glauser v. Scofield, Appellant.

*Mechanic's lien—Leasehold estate—Notice—Act of June 4, 1901, P. L. 431, sec. 10.*

Where a contractor who has furnished labor and materials for a building, has no knowledge that the apparent and record owner had executed a long lease of the land to a corporation before the labor and materials were furnished, and serves upon the apparent owner the notice provided by the Act of June 4, 1901, P. L. 431, before the expiration of the time to file a lien against the leasehold estate had expired, and the apparent owner takes no action in reference to the notice, and gives the plaintiff no information and makes no attempt at repudiation by notice or posting, as provided in the fourth section of the act of 1901, supra, the plaintiff may presume that the owner ratified the contract, and a lien

filed three days after the right to file a lien against the leasehold estate had expired, will be valid.

Argued Nov. 20, 1908. Appeal, No. 201, Oct. T., 1908, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1907, No. 2, for defendant on the whole record in case of Stacy G. Glauser and Edwin D. Glauser, trading as Stacy G. Glauser & Son, v. Glenn M. Scofield, owner or reputed owner, and the Scofield Company, contractors. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before JOHNSON, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on the whole record.

*Albert J. Williams,* for appellant, cited: McClintock v. Criswell, 67 Pa. 183; Boteler v. Espen, 99 Pa. 313; McKown & Beatty v. Harris, 15 Pa. Dist. Rep. 611.

*George M. Booth,* for appellee, cited: Paine v. Bank, 194 Pa. 403; Rhawn v. Edge Hill Furnace Co., 201 Pa. 637; Sensinger v. Boyer, 153 Pa. 628.

OPINION BY BEAVER, J., February 26, 1909:

The plaintiffs furnished labor and materials for, and entering into, the construction of a building upon land belonging to the defendant, Glenn M. Scofield, and, so far as the public records showed, belonging to him alone, the deed to him individually being recorded March 15, 1907. On May 23, 1907, the Scofield company ordered certain materials for this building from the plaintiffs, and at sundry times subsequently the plaintiffs furnished materials upon the orders of the said, the Scofield company, up to and including August 30, 1907, amounting to $1,411.77, subject to credits of $86.47, leaving a balance on that date of $1,325.30.

On October 4, 1907, a notice in writing was served upon the defendant, Glenn M. Scofield, of the intention of the plaintiffs to "file a claim against your property for the sum of thirteen

hundred and thirty-five dollars and thirty cents ($1,335.30) for material furnished and labor done in and about the erection of a certain building, with the appurtenances, on your premises, situate in the borough of Marcus Hook, in the county of Delaware and state of Pennsylvania aforesaid," describing the premises at length; setting forth also that: "The annexed sworn statement sets forth the contract under which we claim the amount due and how made up, the kind of labor and material furnished and the date when the last work was done or materials furnished, which was on the thirtieth day of August, 1907," to which was annexed an affidavit, setting forth in detail the time when the said materials were furnished and the value thereof. To this notice, no reply of any kind was made to the plaintiffs, nor was there any repudiation of the alleged contract attached to the building.

On December 3, 1907, a mechanic's lien was filed against "Glenn M. Scofield, owner or reputed owner, and the Scofield Co., contractor." A scire facias was issued upon the said lien January 15, 1908, and, on February 20 of the same year, an affidavit of defense was filed, in which it was alleged that Glenn M. Scofield was not the sole owner of the property upon which the building, to which the plaintiffs had contributed, was erected, but that he held the same in trust for his brother, Edson M. Scofield, to the extent of the one-half thereof, he having contributed the one-half of the purchase money. It was also alleged in the said affidavit that the owners of the fee had made a lease thereof to the Scofield company for the period of ninety-nine years and the said Scofield company of which Edson M. Scofield was the president and Glenn M. Scofield, the defendant, the secretary, had authorized the said company to erect a building thereon, not as contractor for them individually or either of them, denying that the Scofield company was the contractor for the defendant, Glenn M. Scofield. So far as the record shows, this seems to have been the first information given to the plaintiffs in regard to the actual ownership of the land upon which the building was erected and the lease under which the Scofield company acted in the erection thereof. An answer to the affidavit of defense was filed by the plaintiff on

April 11, 1908, and a motion made thereafter by the defendant "for judgment on the whole record." On September 21, 1908, the court filed the following opinion: "Upon the whole record, I am of the opinion that the plaintiff is entitled to judgment," and judgment was thereupon directed to be entered "in favor of the plaintiff and against the defendant for the sum of $1,335.30, with interest from September 2, 1907," the damages being assessed September 23, 1908, at $1,409.46. This opinion and the entry of the judgment, in pursuance of it, constitutes the basis of the several assignments of error, which, although varied in form, are practically the same in substance.

Under sec. 10 of the Act of June 4, 1901, P. L. 431, it is provided that: "In the case of tenancies or leasehold estates, of alterations and repairs, and of fitting up or equipping old structures with machinery, gearing, boilers, engines, cars or other useful appliances, the claim must be filed in the court of common pleas of the county or counties in which the structure or other improvement is situate within three months after the claimant's contract or agreement is completed; and in all other cases within six months thereafter; and when filed, it shall be entered and indexed in the mechanic's lien docket."

In the second section of this act, which describes the property subject to a lien and when not subject to lien, it is provided: "Nor shall any claim be valid against the estate of an owner, by reason of any consent given by him to his tenant to improve the leased property, unless it shall appear in writing, signed by such owner, that said improvement was in fact made for his immediate use and benefit."

In the fourth section of this act, it is further provided: "Any owner not being a committee, guardian or trustee as aforesaid, who shall knowingly suffer or permit any person, acting as if he were the owner, to make a contract for which a claim could be filed, without objecting thereto at the time, shall be treated as ratifying the act of such person acting as if he were the owner and the claim may be filed against the real owner, with the same effect as if he himself had made the contract. Ratification shall also be presumed and a like subjection to lien shall follow, if the owner, not being a committee, guardian or trustee, as

aforesaid, subsequently learning of such contract or of work being done upon his property, shall not, within ten days thereafter, repudiate the same, either by notice to the contractor and subcontractors or by posting such repudiation on the most public part of the structure or other improvement."

Without determining whether or not the defendant, Glenn M. Scofield, did "knowingly suffer or permit any person, acting as if he were the owner, to make a contract" for the erection of the building upon the land, title to which was shown by the records of Delaware county to be in him, and, therefore, for which a claim could be filed, without objecting thereto at the time, and should be, therefore, "treated as ratifying the act of such person acting as if he were the owner," and that, therefore, the claim might "be filed against the real owner with the same effect as if he himself had made the contract," it is admitted that a notice containing specific description of all the materials furnished and work done in and about the erection of the building upon his premises was given by the plaintiffs to the defendant prior to the time at which the right of the plaintiffs to file a lien against the leasehold estate had expired. Apparently, so far as the record shows, no action whatever was taken by the defendant in reference to this notice. The ten days, within which it was his right to repudiate a presumed ratification of the contract or work done upon his property which might follow, expired before the plaintiffs' right to file a lien against the leasehold estate of the Scofield company had been lost. Had the plaintiff, therefore, the right to presume the ratification of the contract made by the Scofield company, by reason of the absence of all repudiation by the defendant, either by notice or by posting upon the building erected upon his premises?

Recalling now the relation in which the parties stood to each other in regard to this transaction, the defendant, Glenn M. Scofield, had within his knowledge facts which it was essential for the plaintiffs to know, in order to exercise the rights which belonged to them, under the mechanic's lien law. The plaintiffs did not know these facts and had no means of acquiring knowledge in regard to them. The declaration of trust made by

the defendant and his wife, admitting that the one-half of the real estate, upon which the building was erected, belonged to his brother, and the lease for ninety-nine years to the Scofield company, of which the brother was the president and the defendant the secretary, were not upon record. Had the plaintiffs been informed of the real facts in the case within the ten days of the notice referred to, they could have filed their lien within the three months allowed by law for the filing of a lien against a leasehold estate, which would have given them a lien upon the estate held by the lessee here described as contractor, under the lease referred to. Relying upon the fact that the defendant gave no notice and presuming, as the law gives them the right to do, that he thereby ratified the contract, the plaintiffs did not file their lien, until December 3, 1907, which was three days after the right to file the lien against the leasehold estate belonging to the so-called contractors had expired.

The act of assembly in this respect, it seems to us, rests upon a general principle, clearly defined in Rhawn v. Edge Hill Furnace Co., 201 Pa. 637, in which it is held that: "Silence becomes a fraud and works an estoppel only when a party withholds information which the other party does not have or does not possess the means of obtaining, and which he should have to protect his rights. Where both parties know the facts or have equal means of knowledge of the facts, the silence of either in regard to them is not a fraud upon the other party:" Pittsburg Sheet Mfg. Co. v. Beale, 204 Pa. 85.

The appellant, in his argument, endeavors to establish the proposition that the fourth section of the mechanic's lien act of 1901 does not apply in this case, because the second section provides, as already quoted, that the defendant, the owner of the land, had not given his consent in writing to his tenant to improve the leased property, and that, therefore, he was not bound, but we cannot see that the fourth section in any way interferes with, or makes nugatory, this part of the act, or that these sections are in any way dependent upon or to be construed with reference to each other. If the case had been tried before a jury, the question as to whether or not the defendant, Glenn M. Scofield, had knowingly suffered or per-

mitted any person acting as if he were the owner to make a contract for which a claim could be filed might well have been submitted to that tribunal, but we have purposely omitted the consideration of this part of the section, because we think the ratification of the contract may be fairly presumed, because of the defendant's silence, which, as we have seen, tended to mislead the plaintiffs as to their rights in the premises.

The case seems to have been treated below as if the rights of Glenn M. Scofield alone were involved. The judgment was directed to be entered against the defendant and, on October 1, 1908, the defendant in the above case, Glenn M. Scofield, excepts to the ruling of the court entering judgment in favor of the plaintiffs. There were no exceptions, apparently, by the other defendant, and the case before us was argued as though the rights of the defendant, Glenn M. Scofield, alone were affected by the judgment. There being no appeal by the other defendant, the judgment is, therefore, affirmed generally.

Judgment affirmed.

MORRISON, HENDERSON, and PORTER, JJ., dissent.