## Daugherty v. Treires

*John P. Campana* and *Saylor J. McGhee*, for plaintiff.

*Harry Alvan Baird* and *James T. Smith*, for defendant.

LIPEZ, P. J., November 20, 1961.—We have before us the question of the sufficiency of plaintiff's pleadings to take the cause of action outside the bar of the statute of limitations.

Plaintiff alleges that on August 4, 1958, he engaged defendant to treat him for injuries arising out of a fall; that he so improperly and negligently diagnosed and treated the condition, he lost the complete use of his left arm; that defendant, after learning the true nature of plaintiff's injury, "did actively conceal this fact from the plaintiff and did advise him to seek medical help elsewhere"; that "plaintiff did not learn of defendant's improper diagnosis or treatment and the concealment by defendant of plaintiff's true injury

until April 23, 1959." Defendant's answer and new matter sets up the two-year statute of limitations. Plaintiff's reply avers that statute did not begin until the discovery of defendant's negligence on April 23, 1959, and that the action was commenced prior to April 23, 1961.

Defendant has filed preliminary objections in the nature of a demurrer to plaintiff's reply to new matter asking for judgment on the ground that the statute begins to run from the date of the negligence averred and not from the date of its discovery. While the pleading is labelled "Preliminary Objection," the pleadings having closed and its avowed purpose being to obtain judgment by testing the sufficiency of plaintiff's allegation, we shall treat it as a motion for judgment on the pleadings. See Goodrich-Am. Motion for Judgment on the Pleadings, §1034(a) 1.

It is well settled that the statute of limitations is tolled where a wrongdoer prevents or diverts discovery by some independent act of fraud or concealment: Bernath v. LeFever, 325 Pa. 43; Overfield v. Pennroad Corporation, 146 F. 2d 889; see concurring opinion by Jones, J., at page 928. The concealment must be an affirmative independent act, and mere silence is not sufficient: 22 P. L. Encyc. 490, 491. If defendant did act in such a manner as to actively conceal from plaintiff his true condition with the resultant harm, the limitation runs only from the date of discovery: Ayers v. Morgan, 397 Pa. 282. This action, therefore, would have been within the permissible time.

However, we believe the allegation "actively conceal" is not sufficient under our system of fact pleading. The parties are entitled to know the facts they will be required to meet so that the case may be properly prepared and the issues delineated. The allegation herein is merely a conclusion, without the supporting facts; it should set forth what the concealment consisted of

520

and how it was done, so that the court may be able to determine whether there was an active concealment if the facts are proved or admitted. See 3 Standard Pa. Pract., Pleading, 152; Levine v. Pittsburgh State Bank, 281 Pa. 477, 481; Pittsburg Sheet Mfg. Co. v. Beale, 204 Pa. 85.

We shall, however, give plaintiff leave to amend even though the statute of limitations has now run, inasmuch as it would appear that such an amendment would be merely amplification of the grounds originally set out: 3 Standard Pa. Pract., Pleading, 720.

*Order*

And now, November 20, 1961, leave is granted to plaintiff to amend his complaint within 20 days. Upon failure to do so, judgment shall be entered for defendant.